IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN DAVID MCCUISTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:16CV1094 |
| v. ) | 1:15CR122-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner John David McCuiston has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 23.) In 2015, Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(c) and 846, and was sentenced to 135 months of imprisonment. (Docket Entries 1, 13-14, 21.) Petitioner did not appeal but instead filed the instant motion. The Government filed a response (Docket Entry 31) and Petitioner filed a reply (Docket Entry 33), a cross-motion for summary judgment (Docket Entry 34), a motion entitled "Affidavit and Affirmation and Motion to Order the Production of the Complete Presentence Report" (Docket Entry 35), and a motion to amend (Docket Entry 40). The matter is now ready for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## Discussion

Petitioner's sole ground for relief is that "[d]efense attorney Robert McClellan deprived Movant of effective representation at sentencing." (Docket Entry 23, Ground One.) The

essence of Petitioner's ground is that counsel failed to object—or failed to educate Petitioner sufficiently so that he would know to object—to a number of errors set forth in the presence report and adopted by the Court at sentencing. As explained below, however, Petitioner's argument lacks merit.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Here, Petitioner has failed to point to any material errors either in the presence report or at sentencing, nor has Petitioner demonstrated deficient performance or prejudice. His *Strickland* claim therefore fails and his motion brought under § 2255 should be denied.

More specifically, Petitioner first argues that the proper guideline to apply to his 21 U.S.C. § 841 conviction was U.S.S.G. § 2D1.11, which governs the unlawful possession of a listed chemical, rather than § 2D1.1, which governs unlawful manufacturing. (Docket Entry 23 at 5 referencing Docket Entry 19, ¶ 25 and U.S.S.G. §§ 2D1.1 & 2D1.11 (2014).) Nevertheless, the cross-reference under § 2D1.11(c) actually refers back to 2D1.1. That section provides that, "[i]f the offense involved unlawfully manufacturing a controlled substance. . . [a court is to] apply 2D1.1 . . . ." U.S.S.G. § 2D1.11(c) (2014).[1] Beyond this,

---

[1] The presence report accurately explains that

2

application n. 8 under § 2D1.11 explains that an "[o]ffense involved unlawfully manufacturing . . . [if] the defendant, or a person for whose conduct the defendant is accountable . . . completed the actions sufficient to constitute the offense of unlawfully manufacturing a controlled substance or attempting to [do so]." *Id.*

As noted in the presentence report (Docket Entry 19, ¶¶ 18-19), witnesses indicated that they saw Petitioner cook methamphetamine. Moreover, in a written statement submitted to the Probation Officer by Petitioner, for which he received a downward adjustment for acceptance of responsibility, Petitioner admitted to taking pseudoephedrine "and oftentimes would cook that into methamphetamine for production or sale." (*Id.*, ¶¶ 23, 35.) Petitioner was properly held accountable pursuant to the cross-reference and any claim now that he did not use pseudoephedrine to manufacture methamphetamine is unpersuasive.

---

[t]he guideline for violations of 21 U.S.C. § 841(c)(2) offenses is found at USSG §2D1.11. The offense level as calculated under that guideline is 34 (base offense level of 30 based on USSG §§2D1.11(a) and (d)(5), plus two levels for possessing a dangerous weapon pursuant to USSG §2D1.11(b)(1), and plus two levels for the offense involving an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance; and the unlawful transportation, treatment, storage, or disposal of hazardous waste pursuant to USSG §2D1.11(b)(3)). The Cross Reference at USSG §2D1.11(c)(1) directs that if "the offense involved unlawfully manufacturing a controlled substance, or attempting to manufacture a controlled substance unlawfully, apply §2D1.1 (Unlawful Manufacturing, Importing, Exporting, Trafficking) if the resulting offense level is greater than that determined above." As shown below, the guideline calculations under §2D1.1 result in an adjusted offense level of 36; therefore, the guideline at §2D1.1 is used to determine guideline calculations.

(Docket Entry 19 § 25.)

3

Petitioner also disputes the calculation of his base offense level contending that he should only be held accountable for the pseudoephedrine which he personally purchased, rather than additional amounts obtained by others. (Docket Entry 23 at 5.) Notwithstanding the application of relevant conduct and coconspirator liability, the amount Petitioner now admits he should be held accountable for (106.38 grams) (*id.*) would result in a base offense level of 30. *See* U.S.S.G. 2D1.11(d)(5). This is the same base offense level as he was held accountable for under relevant conduct. (Docket Entry 19, ¶ 26.) Thus, based on his own admission of drug amounts, there could be no error in calculating the basic offense level.

Petitioner next challenges that he was enhanced for the unlawful discharge of emissions. (Docket Entry 23 at 5-6.) As noted in the presentence report "[t]he production of methamphetamine is a hazardous process." (Docket Entry 19, ¶ 12.) The presentence report, in paragraphs 10-12, sets forth information regarding methamphetamine production, which specifically noted the manufacturing process results in the release of ammonia gas, danger of inhalation of hydrochloric acid, and the creation of hazardous waste. (*Id.*) Petitioner now challenges the enhancement for unlawful discharge of emissions "as if he had actually used the pseudoephedrine products to manufacture methamphetamine." (Docket Entry 23 at 5.) The wording of Petitioner's challenge contradicts the acceptance statement he gave to Probation during the presentence interview. (Docket Entry 19, ¶ 23) In his acceptance statement Petitioner acknowledged obtaining pseudoephedrine for himself and from others "for his use and production of methamphetamine." (*Id.*) Any claim to the contrary in his current motion is unsupported. The production of methamphetamine creates hazardous emissions and Petitioner manufactured methamphetamine. (*Id.*, ¶ 12.) Thus, the two-level

4

application for unlawful discharge, emission, or release into the environment of hazardous or toxic waste was properly applied. (*Id.*, ¶ 29.)

Next, Petitioner challenges the enhancement for maintaining a premise for the purpose of manufacturing and distributing methamphetamine. (Docket Entry 23 at 5-6.) He acknowledged in his acceptance statement that he "would take the pseudoephedrine that was obtained, and oftentimes would cook that into methamphetamine for production or sale. . . [and] would cook the methamphetamine at various locations . . . ." (Docket Entry 19, ¶ 23.) Witnesses indicated that he cooked in a small building behind his house and at his house. (*Id.*, ¶ 18.) Ms. Lemmons reported living with Petitioner and "witnessed him cooking on a daily basis." (*Id.*) This enhancement was properly applied.

Petitioner also challenges the enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). (Docket Entry 23 at 5-6.) As noted in paragraph 14 of the presentence report, during a controlled purchase of methamphetamine, Petitioner discussed firearms for sale and told the confidential source that he carried a .40 caliber Browning. (*Id.*, ¶ 14.) Two witnesses, also reported that Petitioner carried a .40 caliber Smith and Wesson. (*Id.*, ¶ 19.) This evidence supports the enhancement under § 2D1.1(b)(1) that a dangerous weapon was possessed, which requires application of two points "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, n.11(A) (2014).

### "Affidavit and Affirmation and Motion to Order Production of the Complete Presentence Report"

Petitioner has also filed a motion in which he requests a copy of his presentence report. (Docket Entry 35.) In support, Petitioner asserts that he needs this report because of "newly discovered facts" in the form of "a) No duly constitutional delegation of authority order; b)

5

No criminal referral; c) Ineffective assistance of counsel; d) Collusion between Claimant's attorney('s) and the prosecution team which violates the separation of powers doctrine/clause; e) The use of multiple rotating jurisdictions to secure a fraudulent grand jury, and then a fraudulent conviction." (*Id.* at 2.) These allegations are vague, conclusory, and unsupported and do not show a particularized need or good cause for the production of the presentence report. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). And, in any event, that document is sealed and the Court does not provide copies of presentence reports to defendants or petitioners. This motion should be denied.

## **Motion to Amend**

In this motion, Petitioner seeks to raise a number of new grounds for relief. Specifically, Petitioner, again referencing the existence of "newly discovered evidence," asserts the following additional grounds for relief:

> [t]he record also reflects the following anomilies [sic] that are not, but should be present and available for review included on the record: 1) There is no delegation of authority order; 2) No ratification of commencement by a real party interest (Rule 17(a)); 3) No implementing regulations promulgated by the Secretary that are attached to the charging statutes that shows the Petitioner had a "duty" to comply with, or not comply with, the charging statutes; 4) Verification on the record of only "one" and "proper" jurisdiction (See 28 U.S.C. section 3002(15), U.C.C. section 9-307(h) and 27 C.F.R. section 72.11 where all crimes are commercial); 5) violatins [sic] of the separations of power doctrine; 6) Second Amendment violation; 7) Was not allowed to challenge the Grand Jury array.

(Docket Entry 40 at 2-3.)

6

These proposed amendments are problematic for a number of reasons. First, they are untimely. Under 28 U.S.C. § 2255(f)(1), Petitioner's conviction became final in November of 2015 when his time to appeal expired. (Docket Entry 21.) *Clay v. United States*, 537 U.S. 522, 527 (2003); Fed. R. App. P. 4(b). His new claims were not filed until December of 2018, more than three years later, and almost two years after his time to file a section 2555 motion had expired. (Docket Entry 40.) Petitioner's proposed amended claims are not timely under subsection (f)(1) and there is no meaningful reason to believe that subsections (f)(2)-(f)(4) apply here. *See United States v. Hodge*, No. 01-7216, 2002 WL 170733, at *1 n.* (4th Cir. Feb. 4, 2002) ("We note that the district court did not abuse its discretion by denying Hodge's motions to amend his § 2255 motion as such amendments would have been futile.")

Second, Petitioner's proposed new grounds for relief are also substantively without merit. This is because Petitioner's proposed new grounds for relief are vague, conclusory, and unsupported and fail for that reason alone. *See Nickerson*, 971 F.2d at 1136. Beyond this, when a criminal defendant, such as Petitioner, has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was incompetent. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Here, Petitioner pled guilty in federal court to a violation of federal law. And, as explained above, Petitioner has failed to demonstrate ineffective assistance of counsel.

The only contention in Petitioner's motion to amend that requires some additional discussion is the contention that he was improperly enhanced under the advisory guidelines

7

for possession of a firearm. This is not a new argument, but rather additional argumentation of an argument already discussed and rejected above. Regardless, Petitioner's additional challenge to the advisory guidelines firearm enhancement is still unpersuasive because such an enhancement need not be charged in the indictment, mentioned in the plea agreement, or proven by more than a preponderance of the evidence. *See United States v. Cantrell*, 714 F. App'x 217, 219 (4th Cir. 2017); *United States v. Suluki*, 22 F. App'x 120, 121 (4th Cir. 2001); *United States v. Dash*, 15 F. App'x 53, 54 (4th Cir. 2001). The law is also well-established that a sentencing court may rely on hearsay evidence. *United States v. Aguilar-Rivera*, 391 Fed. App'x 282, 284 (4th Cir. 2010). Petitioner also alleges that the evidence set forth in the presentence report as to the gun enhancement, which is discussed above, is insufficient to warrant the application of the firearm enhancement. (Docket Entry 40 at 4-5.) However, Petitioner's allegations are conclusory and unsupported and Petitioner has not provided any meaningful reason for the Court to conclude that Petitioner could have successfully challenged the firearm enhancement at sentencing, especially considering the evidence set forth in the presentence report and discussed above.[2] *See Nickerson*, 971 F.2d at 1136.

---

[2] Petitioner also asserts a violation of his Second Amendment right to bear arms. (Docket Entry 40 at 4.) In addition to being time-barred, that argument also fails on the merits because Petitioner does not have a right to possession of a firearm in furtherance of a criminal conspiracy to possess pseudoephedrine and use it to manufacture methamphetamine. Petitioner may also be challenging the rationality of the drug equivalency tables. (Docket Entry 40 at 5.) In addition to being time-barred, vague, conclusory, and unsupported, this allegation is also without merit. *See, e.g.*, *United States v. Story*, 310 F. App'x 345, 348 (11th Cir. 2009) ("Finally, Story argues that the unfairness in converting his pseudoephedrine pills using a 10 kilogram marijuana equivalency makes his sentence unreasonable. However, we agree with the district court that Story's argument in this regard is mere speculation. Story bears the burden to show his sentence is unreasonable, yet he presented no evidence that the application of the marijuana equivalency tables was unfair in his case."). Petitioner also asserts that his sentence was not supposed to exceed ten years. (Docket Entry 40 at 2.) Again, such a claim is time-barred. However, it is also without merit, because in the plea agreement, Petitioner

8

Case 1:15-cr-00122-LCB   Document 41   Filed 05/03/19   Page 8 of 9

### Cross-Motion for Summary Judgment

Petitioner has also filed a "Cross-Motion for Summary Judgment." (Docket Entry 34.) This motion essentially reasserts that his grounds for relief have merit. However, as explained herein, this is not the case. This motion should be denied.

### Conclusion

For the reasons set forth above, Petitioner's motion should be denied. An evidentiary hearing is not warranted in this matter, nor is the appointment of counsel.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to amend (Docket Entry 40), motion to vacate, set aside or correct sentence (Docket Entry 23), cross-motion for summary judgment (Docket Entry 34), and "Affidavit and Affirmation and Motion to Order the Production of the Complete Presentence Report" (Docket Entry 35), be **DENIED**, and that this action be dismissed.

_____
Joe L. Webster
United States Magistrate Judge

May 3, 2019
Durham, North Carolina

---

acknowledged that he could be sentenced to as many as twenty years of imprisonment. (Docket Entry 14 at 2.)